FILED
CLERK, U.S. DISTRICT COURT

SEP 17 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| Priority | ☒ |
|---|---|
| Send | |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| JS-2/JS-3 | |
| Scan Only | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Splash News & Picture Agency, Inc., | ) Case No. **CV 07-2668-VBF(JCx)** |
| | ) |
| | ) **SCHEDULING AND CASE MANAGEMENT** |
| Plaintiff, | ) |
| | ) **ORDER FOR CASES ASSIGNED TO** |
| v. | ) |
| | ) **JUDGE VALERIE BAKER FAIRBANK** |
| Mario Lavandeira, et al., | ) |
| | ) |
| Defendants. | ) |

This case has been assigned to the calendar of Judge Valerie Baker Fairbank.

This Order is to advise the parties and counsel of the schedule that will govern this action. **SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.** Ordinarily, the dates set forth on the last page are determined after consultation with the parties at the Fed. R. Civ. P. 16(b) Scheduling Conference. This Order is distributed to them at that time. The dates and requirements are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing.

DOCKETED ON CM

SEP 20 2007

BY _____

**IT IS HEREBY ORDERED:**

1.   To secure the just, speedy and inexpensive determination of every action, all counsel are ordered to familiarize themselves with and follow the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.   This Court follows these rules and they will govern this litigation.

2.   Because this Order in some respects modifies or adds to the Local Rules, counsel are advised to read it carefully. Counsel are advised to pay particular attention to the requirements of the Court with respect to the filing of motions for summary judgment and documents to be submitted at the Final Pretrial Conference and Trial.

3.   The attorney attending any proceeding before this court must be an attorney who is thoroughly knowledgeable about the case, responsible for the conduct of the litigation, and who has authority to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed.   Lead counsel who will actually try the case must attend the Final Pretrial Conference.   A party who is not represented must attend all proceedings in person.

4.   **COURTESY COPIES REQUIRED:  A courtesy copy of all papers filed with the court shall be promptly delivered to the chambers of Judge Valerie Baker Fairbank in the drop box/tray outside the Judge's chambers  on the day of filing, BY 4:00 p.m. The Judge's Chambers is located at the end of the hallway, to the right of the courtroom.**

1    5.  **Discovery Cut-Off**:  All discovery shall be completed
2  by the discovery cut-off date specified on the last page of
3  this Order.  **THIS IS NOT THE DATE BY WHICH  DISCOVERY**
4  **REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL**
5  **DISCOVERY IS TO BE COMPLETED.**

6    Any motion challenging the adequacy of responses to
7  discovery must be heard sufficiently in advance of the
8  discovery cut-off date to permit the responses to be obtained
9  before that date if the motion is granted.
10  In an effort to provide further guidance to the parties, the
11  Court notes the following:

12    a.  **Depositions**:  All depositions shall be
13  scheduled to commence sufficiently in advance of the
14  discovery cut-off date to permit their completion and to
15  permit the deposing party enough time to bring any discovery
16  motions concerning the deposition prior to the cut-off date.

17    b.  **Written Discovery**:  All interrogatories,
18  requests for production of documents, and requests for
19  admissions shall be served sufficiently in advance of the
20  discovery cut-off date to permit the discovering party enough
21  time to challenge (via motion practice) responses deemed to
22  be deficient.

23    c.  **Discovery Motions**:  Whenever possible, the
24  Court expects the parties to resolve discovery issues among
25  themselves in a courteous, reasonable and professional
26  manner.  The Magistrate Judge assigned to this case will rule
27  on discovery motions.  (The Magistrate Judge's initials
28  follow the district judge's initials next to the case number

3

1  on the first page of this Order.)  Counsel are directed to

2  contact the Magistrate Judge courtroom deputy clerk to

3  schedule discovery matters for hearing.  Counsel should not

4  deliver courtesy copies of these discovery documents to this

5  court.

6          d.  **Expert Discovery**:  If expert witnesses are to

7  be called at trial, the parties shall designate affirmative

8  experts to be called at trial and provide reports required by

9  Fed. R. Civ. P. 26(a)(2)(B) not later than eight weeks prior

10 to the discovery cut-off date.  Rebuttal expert witnesses

11 shall be designated and reports provided as required by Fed.

12 R. Civ. P. 26(a)(2)(B) not later than five weeks prior to the

13 discovery cut-off date.  Failure to timely comply with

14 deadlines may result in the expert being excluded at trial as

15 a witness.

16      6.  **Motions and Motion Cut-Off Date**

17          a.  **General Provisions**:  All law and motion

18 matters, except for motions in limine, must be set for

19 hearing (not filing) by the motion cut-off date specified on

20 the last page of this Order.

21      This Court hears motions on Mondays, beginning at 1:30

22 p.m.

23      The parties must adhere to the requirements of the Local

24 Rules.  See Local Rules 7-1 et seq.  If any party does not

25 oppose a motion, that party shall submit a written statement

26 that it does not oppose the motion in accordance with Local

27 Rule 7-9.

28

1     The title page of all motions must state the Final
2 Pre-Trial Conference date and the Trial date.  To insure that
3 the Court receives oppositions and replies in a timely
4 fashion, courtesy copies, conformed to reflect that they have
5 been filed, should be deposited in the drop box/tray located
6 in the entrance way to the Chambers of Judge Fairbank. The
7 Judge's chambers is located at the end of the hallway, to the
8 right of the courtroom.

9     Counsel must comply with Local Rule 7-3, which requires
10 counsel to engage in a pre-filing conference "to discuss
11 thoroughly . . . the substance of the contemplated motion and
12 any potential resolution."

13     Issues left undetermined after the passage of the motion
14 cut-off date should be listed as issues for trial in the
15 Final Pre-Trial Conference Order.  As an exception to the
16 above, motions in limine dealing with evidentiary matters may
17 be heard pursuant to the schedule specified on the last page
18 of this Order.

19     *Ex parte* practice is discouraged.  *See Mission Power*
20 *Eng'g v Co. . Continental Cas. Co.*, 883 F. Supp. 488 (C.D.
21 Cal. 1995).  The Court will require strict adherence to
22 proper *ex parte procedures* for any *ex parte* application filed
23 with the Court.  *Id*. at 492; *see also* Local Rule 7-19.

24     b.  **Applications and Stipulations to Extend Time**:
25 Applications to extend the time to file any required document
26 or to continue any hearing, Final Pre-Trial Conference or
27 Trial date must set forth the following:

28

1           (i)   the existing due date or hearing date, as

2   well as the discovery cut-off date, the Final Pre-Trial

3   Conference date, and the Trial date;

4           (ii)   specific, concrete reasons supporting

5   good cause for granting the extension; and

6           (iii)   whether there have been prior requests

7   for extensions, and whether these requests were granted or

8   denied by the Court.

9           c.   **Joinder of Parties and Amendment of Pleadings**:

10  The deadline for joining parties and amending pleadings is

11  ninety days after the date of this Order.  Any motions to

12  join other parties or for leave to amend the pleadings shall

13  be filed within sixty days of the date of this Order so that

14  they can be heard and decided  prior to the deadline.

15      In addition to the requirements of Local Rule 15-1, all

16  motions to amend the pleadings shall: (1) state the effect of

17  the amendment; (2) be serially numbered to differentiate the

18  amendment from previous amendments; and (3) state the page,

19  line number(s), and  wording of any proposed change or

20  addition of material.

21      The parties shall deliver to Chambers a  redlined version

22  of the proposed  amended  pleading indicating all additions

23  and deletions of material.

24           d.   **Summary Judgment Motions**:   The Court will

25  require adherence to the following requirements:

26           (i)   **Separate Statement of Uncontroverted Facts**

27  **and Statement of Genuine Issues of Material Fact**:

28

6

The Separate Statement of Uncontroverted Facts is to be prepared in a two column format.  The left-hand column should set forth the allegedly undisputed fact.  The right-hand column should set forth the evidence that supports the factual statement.  The factual statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Issues of Material Fact must be in two columns and track the movant's Separate Statement exactly as prepared.  The document must be in two columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand column must indicate either undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed.  Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right-hand column, label and restate the moving party's evidence in the support of the fact, followed by the opposing party's evidence controverting the fact.  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite the evidence alleged to be objectionable and state the ground of the objection and nothing more.  **No argument should be set forth in this document.**

7

1    The opposing party may submit additional material facts
2    that bear on or relate to the issues raised by the movant,
3    which shall follow the format described above for the moving
4    party's Separate Statement.  These additional facts shall
5    follow the movant's facts, shall continue in sequentially
6    numbered paragraphs (i.e. if movant's last statement of fact
7    was set forth in paragraph 30, then the first new fact will
8    be set forth in paragraph 31), and shall set forth in the
9    right-hand column the evidence that supports that statement.
10    The moving party, in its reply, shall respond to the
11    additional facts in the same manner and format that the
12    opposing party is required to adhere to in responding to the
13    Statement of Uncontroverted Facts, as described above.
14                (ii)  **Supporting Evidence**.  No party should
15    submit any evidence other than the specific items of evidence
16    or testimony necessary to support or controvert a proposed
17    statement of undisputed fact.  Thus, for example, the entire
18    transcripts of depositions, entire sets of interrogatory
19    responses, and documents that do not specifically support or
20    controvert material in the Separate Statements should not be
21    submitted in support of or in opposition to a motion for
22    summary judgment.
23    Evidence submitted in support of or in opposition to a
24    motion for summary judgment should be submitted either by way
25    of stipulation or as exhibits to a declaration sufficient to
26    authenticate the proffered evidence, and should not be
27    attached to the memorandum of points and authorities.  The
28    Court will accept counsel's authentication of deposition

1  transcripts, written discovery responses, and the <u>receipt</u> of

2  documents in discovery <u>if the fact that the document was in</u>

3  <u>the opponent's possession is of independent significance</u>.

4  Documentary evidence as to which there is no stipulation

5  regarding foundation must be accompanied by the testimony,

6  either by declaration or properly authenticated deposition

7  transcript, of a witness who can establish its authenticity.

8      All evidence in support of or in opposition to a motion

9  for summary judgment, including declarations and exhibits to

10  declarations, shall be separated by a tab divider on the

11  bottom of the page.  If evidence in support of or in

12  opposition to a motion for summary judgment exceeds twenty

13  pages, the evidence must be in a separately bound volume and

14  include a Table of Contents.  If the supporting evidence

15  exceeds fifty pages, the Court's courtesy copy of the

16  supporting evidence shall be placed in a Slant D-Ring binder

17  with each item of evidence separated by a tab divider on the

18  right side.   All documents contained in the binder should be

19  three-hole-punched with the oversized 13/32" hole size, not

20  the standard 9/32" hole size.

21      (iii)  **Objections to Evidence**.  If a party

22  disputes a fact based in whole or in part on an evidentiary

23  objection, the ground for the objection, as indicated above,

24  should be stated in the Separate Statement, but not argued in

25  that document.  Evidentiary objections should be addressed in

26  a separate memorandum to be filed with the opposition or

27  reply brief of the party.  This memorandum should be

28  organized **to track the paragraph numbers of the Separate**

1 **Statement in sequence**.  It should identify the specific item

2 of evidence to which objection is made, the ground for the

3 objection, and a very brief argument with citation to

4 authority as to why the objection is well taken.   The

5 following is an example of the format contemplated by the

6 Court:

7        <u>Separate Statement Paragraph 1</u>:   Objection to the

8 supporting deposition transcript of Jane Smith at 60:1-10 on

9 the grounds that the statement constitutes inadmissible

10 hearsay and no exception is applicable.   To the extent it is

11 offered to prove her state of mind, it is irrelevant since

12 her state of mind is not in issue.   Fed. R. Evid. 801, 802.

13 **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

14 **OPPONENT'S  STATEMENTS OF UNDISPUTED FACT.   THESE WILL BE**

15 **DISREGARDED AND OVERRULED.**

16        (iv)   <u>The Memorandum of Points and Authorities</u>.

17 The movant's memorandum of points and authorities should be

18 in the usual form required under Local Rule 7 and should

19 contain a narrative statement of facts as to those aspects of

20 the case that are before the Court.   All facts should be

21 supported with citations to the paragraph number in the

22 Separate Statement that supports the factual assertion.

23     Unless the case involves some unusual twist, the motion

24 need only contain a brief statement of the Fed. R. Civ. P. 56

25 standard; the Court is familiar with the Rule and with its

26 interpretation under Celotex and its progeny.   If at all

27 possible, the argument should be organized to focus on the

28 pertinent elements of the claim(s) for relief or defense(s)

1   in issue, with the purpose of showing the existence or
2   non-existence of a genuine issue of material fact for trial
3   on that element of the claim or defense.

4       Likewise, the opposition memorandum of points and
5   authorities should be in the usual form required by Local
6   Rule 7.  Where the opposition memorandum sets forth facts,
7   the memorandum should cite to paragraphs in the Separate
8   Statement if they are not in dispute, to the evidence that
9   contravenes the fact where the fact is in dispute, or, if the
10  fact is contravened by an additional fact in the Statement of
11  Genuine Issues of Material Fact, the citation should be to
12  such fact by paragraph number.

13              (v)  **Proposed Statement of Decision**.  Each party
14  shall file and serve a Proposed Statement of Decision, which
15  shall contain a statement of the relevant facts and
16  applicable law with citations to case law and the record.
17  The Proposed Statement of Decision shall not exceed five
18  pages and shall be in a form that would be appropriate for
19  the Court to enter as its final order on the motion.

20              (vi)  **Timing**.  In virtually every case, the
21  Court expects that the moving party will provide more than
22  the minimum twenty-one day notice for such motions.
23  [**NOTE**:  **Parties need not wait until the motion cut-off to**
24  **bring motions for summary judgment or partial summary**
25  **judgment.  Early completion of non-expert discovery and**
26  **filing of motions for summary judgment may eliminate or**
27  **reduce the need for expensive expert depositions that are**
28  **normally conducted in the last stages of discovery.]**

1    e.   **Avoid Composite Motions**.  Unless clearly

2  justified under the circumstances of the case, "motions to

3  dismiss or in the alternative for summary adjudication" are

4  discouraged.   These composite motions tend to blur the

5  distinctions between the two motions.

6    f.   **Motions in Limine**.  Before filing any motion in

7  limine, counsel for the parties shall confer in good faith to

8  eliminate the necessity for hearing the motion in limine or

9  to eliminate as many of the disputes as possible.  It shall

10  be the responsibility of counsel for the moving party to

11  arrange for this conference.  The motion papers must include

12  a declaration showing a good faith meet and confer effort.

13    Unless otherwise ordered by the Court, motions in limine

14  will be heard on the date specified on the last page of this

15  Order.  Unless the Court in its discretion otherwise allows,

16  no motions in limine shall be filed or heard on an ex parte

17  basis, absent a showing of irreparable injury or prejudice

18  not attributable to the lack of diligence of the moving

19  party.

20    7.   **Final Pre-Trial Conference and Local Rule 16 Filings**

21    a.   **General Provisions**.  The Final Pre-Trial

22  Conference ("FPTC") will be held on the date specified on the

23  last page of this Order, unless the Court expressly waived

24  the FPTC at the Scheduling Conference.  (In the rare cases

25  where the Court waives a FPTC, the parties must follow Local

26  Rule 16-10.)

27    The lead trial attorney on behalf of each party shall

28  attend both the FPTC and all meetings of the parties in

12

1 preparation for the FPTC, unless excused for good cause shown

2 in advance of the FPTC.

3    At the FPTC, the parties should be prepared to discuss

4 means of streamlining the trial, including, but not limited

5 to the following: bifurcation; presentation of foundational

6 and non-critical testimony and direct testimony by deposition

7 excerpts; narrative summaries and/or stipulations as to the

8 content of testimony; presentation of testimony on direct

9 examination by affidavit or by declaration subject to

10 cross-examination; and qualification of experts by admitted

11 resumes.  The Court will also discuss settlement.

12       b.   **Form of the Final Pre-Trial Conference Order**

13 **("FPTCO")**.  The proposed FPTCO shall be lodged by the date

14 specified on the last page of this Order.  Adherence to this

15 time requirement is necessary for in-chambers preparation of

16 the matter.  The form of the proposed FPTCO shall comply with

17 Appendix A to the Local Rule and the following:

18          (i)   Place in "ALL CAPS" and in **bold** the

19 separately numbered headings for each category in the FPTCO

20 (e.g., "**1. THE PARTIES**" or "**7. CLAIMS AND DEFENSES OF THE**

21 **PARTIES**").

22          (ii)  Include a Table of Contents at the

23 beginning.

24          (iii) In specifying the surviving pleadings

25 under Section 1, state which claims or counterclaims have

26 been dismissed or abandoned (e.g., "Plaintiff's second cause

27 of action for breach of fiduciary duty has been dismissed.").

28 Also, in multiple party cases where not all claims or

13

counterclaims will be prosecuted against all remaining
parties on the other side, specify to which party each claim
or counterclaim is directed.

(iv) In drafting the FPTCO, the Court expects
that the parties will attempt to agree on and set forth as
many uncontested facts as possible.  The Court will usually
read the uncontested facts to the jury at the start of the
trial.  A carefully drafted and comprehensively stated
stipulation of facts will reduce the length of trial and
increase jury understanding of the case.

(v) **In specifying the parties' claims and
defenses in Section 7 of the FPTCO, each party shall closely
follow the examples set forth in Appendix A of the Local
Rules.**

(vi) The Court may submit fact issues to the
jury in the form of findings on a special verdict.  The
issues of fact should track the elements of a claim or
defense on which the jury will be required to make findings.

(vii) If expert witnesses are to be called at
trial, each party  must list and identify its respective
expert witnesses, both retained and non-retained.  Failure of
a party to list and identify an expert witness in the FPTCO
could result in a court order which precludes the party from
calling that expert witness at trial.

c.    **Rule 16 Filings; Memoranda; Witness Lists;
Exhibit Lists.**  The parties must comply fully with the
requirements of Local Rule 16.  They shall file carefully
prepared Memoranda of Contentions of Fact and Law (which may

1  also serve as the trial brief), along with their respective

2  Witness Lists and Exhibit Lists, all in accordance with Local

3  Rules 16-3, 16-4, and 16-5.  See the last page of this Order

4  for applicable dates.

5          d.    **Summary of Witness Testimony and Time**

6  **Estimates.**  Counsel shall prepare a list of their witnesses,

7  including a brief summary (two to three paragraphs) of each

8  witness's expected testimony, an estimate of the length of

9  time needed for direct examination, and whether the witness

10  will testify by deposition or in person.  Counsel shall

11  exchange these lists with opposing counsel.  **Counsel shall**

12  **jointly file a single list of witness testimony summaries,**

13  **including estimates for direct examination of their own**

14  **witnesses and estimates for cross-examination of opposing**

15  **witnesses.**  The joint witness testimony summaries shall be

16  filed at the same time counsel lodge the FPTCO.  If a party

17  intends to offer deposition testimony into evidence at trial,

18  the party shall designate the relevant portions of the

19  deposition testimony to be read at trial and advise opposing

20  counsel of same.  Opposing counsel shall then designate any

21  additional portions of such deposition testimony which

22  counsel intends to offer in evidence.  All objections to any

23  such testimony shall be made in writing and filed at the same

24  time counsel lodge the FPTCO so that the Court may consider

25  whether ruling on the objections will facilitate trial or

26  result in the disposition of evidentiary matters that may

27  assist continuing settlement negotiations.

28

e. **Final Pre-Trial Conference - Exhibit Stipulation**. The parties shall prepare a Final Pre-Trial Exhibit Stipulation that shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted. All parties shall stipulate to the authenticity of exhibits whenever possible, and the Final Pre-Trial Exhibit Stipulation shall identify any exhibits for which authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

**Pre-Trial Exhibit Stipulation**

**Plaintiff(s)' Exhibits**

**Number    Description    If Objection, State Grounds**

**Response to Objection**

**Defendant(s)' Exhibits**

**Number    Description    If Objection, State Grounds**

**Response to Objection**

The Final Pre-Trial Exhibit Stipulation shall be filed at the same time counsel lodge the FPTCO. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections..

c. **Jury Instructions, Verdict Forms, Special Interrogatories**

16

1           (i)  Fourteen days before the Local Rule 16-2
2  meeting, the parties shall exchange proposed jury
3  instructions, verdict forms and special interrogatories.
4  Seven days before the meeting, counsel shall exchange written
5  objections, if any, to proposed jury instructions, verdict
6  form and special interrogatories.  At the Local Rule 16-2
7  meeting, the parties shall confer with the objective of
8  submitting one set of agreed upon instructions, a mutually
9  agreed upon verdict form and, if necessary, special
10 interrogatories.

11          (ii)  If the parties cannot agree upon one
12 complete set of instructions, verdict form and/or special
13 interrogatories, they shall file two documents with the
14 Court: a joint document reflecting the agreed upon
15 instructions, verdict form and/or special interrogatories;
16 and a second document in the form of a joint statement
17 regarding the disputed instructions, verdict form, and/or
18 special interrogatories in the following format for each
19 instruction, verdict form and/or special interrogatories in
20 issue:

21          (a)  A separate page containing the text of the
22 disputed language with an identification of the party
23 proposing it;

24          (b)  Following the text of the disputed
25 language, the opposing party's statement of objections to the
26 disputed language along with legal authority in support of
27 the argument (not to exceed one page) and proposed
28 alternative language where appropriate; and

17

1            (c)  The proposing party's response to the

2 objection with legal authority supporting the proposed

3 language, not to exceed one page.

4     Both the agreed on set and the joint statement regarding

5 disputed instructions, verdict form, and/or special

6 interrogatories are to be filed with the Final Pre-Trial

7 Conference Order and other Local Rule 16 documents.

8            (iii) All proposed jury instructions shall be

9 in the format specified by Local Rule 51-2.  The Court will

10 send a copy of the instructions into the jury room for the

11 jury's use during deliberations.  Accordingly, in addition to

12 the file copies described above, counsel shall submit a

13 "clean set" of Joint Proposed and/or Disputed Jury

14 Instructions, containing only the text of each instruction

15 set forth in full on each page, with the caption "Court's

16 Instruction No. __" (eliminating titles, supporting

17 authority, indication of party proposing, etc.).

18            (iv) A Table of Contents shall be included with

19 all jury instructions submitted to the Court.  The Table of

20 Contents shall set forth the following:

21            (a)  The number of the instruction;

22            (b)  A brief title of the instruction;

23            (c)  The source of the instruction; and

24            (d)  The page number of the instruction.

25 For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Burden of Proof | 9th Cir. Manual of | 5 |
| | | Model Jury Instr. 5.1 | |

1        (v)  The Court directs counsel to use the

2  instructions from the Manual of Model Jury Instructions for

3  the Ninth Circuit (West Publishing, latest edition) where

4  applicable.  Where California law is to be applied and the

5  above instructions are not applicable, the Court prefers

6  counsel to use the Judicial Council of California Civil Jury

7  Instructions ("CACI") (LexisNexis Matthew Bender, latest

8  edition).  If neither of these sources is applicable, counsel

9  are directed to use the instructions from O'Malley, Grenig

10  and Lee, Federal Jury Practice and Instructions (latest

11  edition).

12        (vi) Modifications of instructions from the

13  foregoing sources (or any other form instructions) must

14  specifically state the modification made to the original form

15  instruction and the authority supporting the modification.

16    **Caveat**:  **The failure of any counsel to comply with or**

17  **cooperate in all of the foregoing procedures regarding jury**

18  **instructions may result in sanctions, including in**

19  **appropriate circumstances,  a waiver of all objections to the**

20  **jury instructions given by the Court.**

21        g.   **Joint Statement of the Case and Requests for**

22  **Voir Dire.**  At the Final Pre-Trial Conference, the parties

23  shall file their proposed voir dire questions and their joint

24  statement of the case which the Court shall read to all

25  prospective jurors prior to the commencement of voir dire.

26  The statement should not be longer than two or three

27  paragraphs.

28

1    The Court conducts voir dire of all prospective jurors.

2  The parties need not submit requests for standard voir dire

3  questions, such as education, current occupations, marital

4  status, prior jury service, etc., but should include only

5  proposed questions specifically tailored to the parties and

6  issues of the case.

7    7.  **COURT TRIAL: FINDINGS OF FACT AND CONCLUSIONS OF LAW**

8  Counsel for each party shall lodge and serve initial proposed

9  findings of fact and conclusions of law by the date specified

10  on the last page of this Order. Courtesy copies of the

11  documents shall also be deposited in the drop box/tray

12  located at the entrance way to the Judge's Chambers on the

13  due date by 4:00 p.m.

14    8.  **Settlement**

15  The parties must file a Status Report regarding settlement at

16  the time they lodge the Proposed Final Pre-Trial Conference

17  Order.  This Report shall not disclose the parties'

18  settlement positions, i.e. the terms of any offers or

19  demands.  It shall merely describe the efforts made by the

20  parties to resolve the dispute informally, i.e. the occasions

21  and dates when the parties participated in mediations or

22  settlement conferences.

23

24  Dated: 9/17/07

25                    VALERIE BAKER FAIRBANK
                      United States District Judge

26

27

28

20

1

2

3

# UNITED STATES MAGISTRATE JUDGES

4

## CURRENTLY AVAILABLE FOR CIVIL CONSENT CASES

5

6

7         The following Magistrate Judges are currently available for consent cases, pursuant

8    to 28 U.S.C. § 636 (c) and Local Rule 73. To confirm a particular Magistrate Judge's ability

9    to schedule the trial in the time frame desired by the parties and/or willingness to

10    accommodate any other special requests of the parties, please contact that Magistrate

11    Judge's courtroom deputy prior to filing/lodging the consent form.

12

13

14

| Magistrate Judge | Courtroom Deputy / Telephone Number |
|---|---|
| Robert N. Block | Trina DeBose / 714-338-4754 |
| Marc L. Goldman | Terri Steele / 714-338-4755 |
| Jeffrey W. Johnson | Amalia Chevalier / 213-894-5369 |
| Victor B. Kenton | Roxanne Horan / 213-894-1831 |
| Jennifer T. Lum | Debra Plato / 213-894-0216 |
| Frederick F. Mumm | James R. Munoz / 213-894-3046 |
| Arthur Nakazato | Melissa Cash / 714-338-4756 |
| Fernando M. Olguin | Vanessa Del Rio / 213-894-0215 |
| Suzanne H. Segal | Denise Lazo / 213-894-0958 |
| Patrick J. Walsh | Isabel Martinez / 213-894-8958 |

1   JUDGE VALERIE BAKER FAIRBANK

2   SCHEDULE OF TRIAL AND PRE-TRIAL DATES

3

        Scheduling Conference Notes
4   For The Honorable Judge Valerie Baker Fairbank,
              U.S. District Judge

5

6   1.   Parties and Case Number:

7        a.   Splash News & Picture Agency, Inc., v. Mario
             Lavandeira, et al.

8
         b.   Case number: **CV 07-2668-VBF(JCx)**
9
    2.   Trial    *September 9, 2008*    at 8:30 AM
10
         a.   Jury    *X*
11
         b.   Court    _____
12
         c.   Time Est.   *2 weeks*
13
    3.   FPTC   *August 25, 2008*   at 2:30 PM
14
    4.   Motion Cut-off  *7/21/08 – for hearing*
15
    5.   Non-expert Discovery Cut-off   *6/16/08*
16
    6.   Expert Discovery Cut-off   *7/21/08*
17

18   _____

19   _____

20   _____

21   7.   Cut-off for adding parties/ Amending cut-off
         *2/04/08*
22   8.   ADR   *X*

23   9.   Settlement Conference to be held no later than
         *02/04/08*
24

25

26

27

28

                        22