**FREEDMAN & TAITELMAN, LLP**
BRYAN J. FREEDMAN, Esq. (SBN 151990)
e-mail: bfreedman@ftllp.com
DAVID MARMORSTEIN, Esq. (SBN 192993)
e-mail: dmarm@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Defendant
MARIO LAVANDEIRA, dba Perez Hilton

**LAW OFFICES OF**
**NICHOLAS A. PENKOVSKY, P.C.**
Nicholas A. Penkovsky, Esq.
Admitted Pro Hac Vice
E-mail: nicholas_penkovsky@yahoo.com
112 Madison Avenue, Sixth Floor
New York, NY 10016
Tel. (212) 216-9708
Facsimile (212) 216-9491

Attorneys for Plaintiffs
Splash News & Picture Agency, Inc., Bauer-Griffin, LLC,
Flynet Pictures, LLC, Insight News & Features, Inc. and
London Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SPLASH NEWS & PICTURE AGENCY, INC., et al., | ) CASE NO.: CV 07-2668 VBF (JCx) |
| Plaintiffs, | ) |
| v. | ) **STIPULATED PROTECTIVE** |
| | ) **ORDER** |
| MARIO LAVANDEIRA d/b/a PEREZ HILTON.COM, et al., | ) **[CHANGES MADE BY COURT]** |
| Defendants. | ) |

IT IS HEREBY STIPULATED by and among the undersigned parties, through

their counsel of record, as follows:

1

1.   This Joint Stipulation and Confidentiality Order ("Order") shall govern all documents, information and discovery materials produced in this case or exchanged, whether formally or informally.

2.   The following definitions are used in this Order:

(a)   "Counsel of record" means the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

(b)   "Days" means calendar days.  If a deadline calculated pursuant to this Order falls on a weekend or holiday, such deadline shall be advanced to the next business day.

(c)   "Person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity.

(d)   "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include any present directors, officers, or employees of any party.

(e)   "Document" shall mean documents, writings, tangible things, recordings, and photographs as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer or electronically stored versions of any of the foregoing.

3.   Any party shall have the right to designate any document, testimony, or other information derived therefrom, as "Confidential" under the terms of this Order provided that the designation is made in good faith.  Confidential information is information that the designating party reasonably believes constitutes proprietary

information, confidential business information, information that may for any business or competitive purposes need to be protected from disclosure, trade secrets, and/or information in which the party or third parties have a privacy interest or an interest to keep confidential.

4.      Any designating party shall have the right to designate any document, testimony, or other information derived therefrom, as "Highly Confidential – Attorneys' Eyes Only."  "Highly Confidential – Attorneys' Eyes Only" information is information that the designating party reasonably believes contains Confidential information which reasonably requires for its protection treatment as "Highly Confidential – Attorneys' Eyes Only."

5.      "Confidential Material" refers to information designated as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Confidential Material does not include any documents or other information lawfully obtained or produced by a party outside of this case, or documents or other information that is publicly available.  However, nothing in this Order shall affect the rights of any party to enforce any rights which, independent of this Order, it may have regarding the confidentiality of documents and other information.

6.      All facts or other matter derived from documents, testimony, or information designated as Confidential Material shall also be Confidential Material, and accorded the same level of protection as the documents, testimony, or information from which derived.

7.      Any party may designate documents (including any portions thereof and any information contained therein) as Confidential Material by stamping or placing a label on those documents stating "CONFIDENTIAL" or "Highly Confidential – Attorneys' Eyes Only."  Placing such a stamp or label on the cover of any multi-page document shall designate all pages of the document as Confidential Material unless otherwise indicated by the designating party.

STIPULATED PROTECTIVE ORDER

8.     All deposition testimony, including oral testimony, deposition transcripts, video tapes, audio tapes, ASCIs and the information contained therein, shall initially be treated as "Confidential" and be included within the terms of this Order without the necessity of so designating the testimony. Upon transcription of the deposition, counsel of record shall have 15 business days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript to be designated as Confidential Material.  Depositing the written notice in the United States mail within such 15 business days shall be deemed timely compliance with this requirement.  All other portions, or the entire transcript if no designation is made, shall not be Confidential Material and shall not be within the terms of this Order.  In addition, deposition testimony may be designated as Confidential Material during the deposition by making a statement to that effect on the record.  In that case, the transcript of the designated testimony shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the reporter on the pages so designated.  The designating party may also direct that the Confidential Material be bound in a separate volume marked "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Designating any portion of deposition testimony as Confidential Material during the deposition shall not preclude a party from thereafter designating additional testimony as Confidential Material by serving written notice in accordance with the above method.  All deposition testimony shall be treated as "Confidential" until expiration of the 15 business day period set forth above.

9.     Information designated "Confidential" shall be disclosed only to:  (a) the Court and its officers in this litigation pursuant to Paragraph 14 of this Order; (b) any party, or any officer, director, or employee of a party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; (c) counsel of record, any-party's in-house counsel assigned to participate in or supervise this case, and personnel of such counsel of record or in-house counsel of

4

the kind listed forth in Paragraph 2(a) of this Order; (d) experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties; (e) mediators and/or discovery referees selected by counsel of record on behalf of the parties or appointed by the Court in this action; (f) court reporter(s) employed in this action; (g) nonparty witnesses at any depositions or other pretrial proceedings in this action to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; and (h) any other person(s) as to whom the parties agree pursuant to Paragraph 10 of this Order.

10.    Information designated "Highly Confidential – Attorneys' Eyes Only" shall be disclosed only to those categories of persons specified in Paragraphs 9(a), 9(c), 9(d), 9(e), 9 (f) and 9(h) of this Order, and in each case only after complying with Paragraph 13 or 14 below, whichever is applicable.  Information designated as "Highly Confidential – Attorneys' Eyes Only" may, after complying with Paragraph13 of this Order, also be presented to nonparty witnesses who authored or previously have seen such information.

11.    If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any Confidential Material, or information derived therefrom, to any person not described in Paragraph 9 or 10 of this Order, counsel for such party must request permission from counsel for the designating party in writing and state the purpose of the disclosure.  If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, for good cause shown, orders otherwise.  Any disputes about such issues shall be resolved through the joint stipulation process described in paragraph 18 of this Order.  However, each party may disclose its own Confidential Material to the person whom the document identifies as an author, addressee, or recipient of such document without regard to this Order.

///

///

STIPULATED PROTECTIVE ORDER

12.     Confidential Material shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by all persons to whom such information may be disclosed, and shall be used by all such persons solely for the purposes of this action, and shall not be used or disclosed to any person or entity for any other purpose, including, without limitation, any business, proprietary or commercial purpose.  Nothing in this Order imposes any obligations upon the Court or Court personnel.

13.     Disclosure of Confidential Material to any person described in Paragraph 9(b), 9(d), 9(e), 9(f), 9(g), or 9(h) of this Order is conditioned upon such person being shown and reading a copy of this Order and agreeing in writing to be bound by its terms by signing a confidentiality agreement.[1]  The law firm obtaining the person's signature on the confidentiality agreement will retain the original signed agreement and shall deliver a copy of the executed declaration to opposing counsel within five (5) calendar days of execution of same.  Counsel of record shall be responsible for assuring compliance with this Order by the persons listed in Paragraph 9(c) of this Order.

14.     If a party intends to file a document containing Confidential Material with the Court, that party shall seek to file the document under seal in accordance with the procedures set forth in Local Rule 79-5.1, in an envelope clearly designating the document as being subject to a Confidentiality Order and not to be opened except by the Court or pursuant to a Court order.  An application seeking leave to file documents under seal must make an individualized and particularized showing of good cause or compelling need, depending upon the context.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (discussing standards for sealing documents attached to non-dispositive motions and dispositive motions).  In the event that any Confidential Material is used in any court proceeding

---

[1]The parties' proposed stipulation refers to an "attached" confidentiality agreement which is not in fact attached.

6

in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15.    This Order does not constitute a waiver of any party's rights to object to discovery on any grounds.

16.    Questions of the protection of Confidential Material during trial will be presented to the Court prior to or during trial as each party deems appropriate.

17.    If another court or administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Order, such party shall promptly notify the designating party of the pendency of the subpoena or order and shall not produce the Confidential Material until the designating party has had reasonable time to object or otherwise to take appropriate steps to protect the Confidential Material, provided that nothing in order relieves a party of any independent legal obligation such party may have to comply with any such subpoena or order.

18.    During the pendency of this action, any party may object to the designation of any information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by providing written notice of such objection to the designating party.  The parties shall then make a good faith effort to resolve such objection.  If the parties are unable to resolve such objection within five days of the receipt by the designating party of the written objection, the parties shall jointly submit the matter to the Court for resolution by preparing a joint stipulation regarding the dispute.  The joint stipulation shall contain the following:  (1) a short introduction from each party setting forth that party's position; and (2) each party's contentions with respect to the designation in dispute, together with supporting points and authorities.  The parties shall submit the joint stipulation to the Court no later than 15 days after receipt by the designating party of the written notice of objection to the designation.  The parties shall first confer on a mutually convenient hearing

date for the disputes set forth in the joint stipulation, and, absent further order of the Court, notice such hearing as provided in Local Rule 37.  While the joint stipulation is pending, the material or testimony in question shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order, and shall remain "Confidential" or "Highly Confidential – Attorneys' Eyes Only" until any such application by the objecting party is granted and the Court declares that the designated material is not subject to protection of this Order.

19.     This Order shall not prevent any of the parties from moving this Court for an order that Confidential Material may be disclosed other than in accordance with this Order, or that other materials not expressly designated in this agreement may be designated as Confidential Material or that additional protections may be given to Confidential Material.  This Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.  The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

20.     The terms of this Order shall continue to apply following the final disposition of this action.

21.     Unless counsel agree otherwise in writings at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any documents, other than attorney work product or materials in the possession, custody or control of the Court or Court personnel, containing designated confidential information produced by a party shall be destroyed or returned to the party producing such documents or writings. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining Confidential Material as set forth in Paragraph 12.

STIPULATED PROTECTIVE ORDER

22.    This Order may be executed by counsel of record in counterparts and fax signatures shall be deemed to be original signatures and shall have the same force and effect as an original signature.

DATED: June __6__, 2008          LAW OFFICES OF
                                 NICHOLAS A. PENKOVSKY, P.C.

                         By:_____/Nicholas A. Penkovsky/_____
                                      /s/
                                 NICHOLAS A. PENKOVSKY, ESQ.
                                 Attorney for Plaintiffs SPLASH NEWS &
                                 PICTURE AGENCY, INC., et al.


DATED: June __6__, 2008          FREEDMAN & TAITELMAN, LLP

                         By:__Bryan J. Freedman_____
                                      /s/
                                 BRYAN J. FREEDMAN, ESQ.
                                 Attorney for Defendant
                                 MARIO LAVANDEIRA


IT IS SO ORDERED:

/s/ Jacqueline Chooljian_____
Jacqueline Chooljian,
United States Magistrate Judge

June 9, 2008_____
      Date

9

STIPULATED PROTECTIVE ORDER